IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 10-420** |
| **V.** : | |
| : | |
| **MARCUS WHITE** : | |

**ORDER**

      AND NOW, this _____ day of _____, 2010, it is hereby ORDERED that, upon consideration of, the forgoing Motion to Suppress Physical Evidence in the above-captioned matter is hereby GRANTED.

BY THE COURT:

_____
The Honorable Petrece Tucker

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 10-420 |
| V. : | |
| : | |
| MARCUS WHITE : | |

**MOTION TO SUPPRESS DEFENDANT'S STATEMENT**

TO THE HONORABLE PETRECE TUCKER, JUDGE OF SAID COURT, PRESIDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Petitioner/Defendant, MARCUS WHITE, by his attorney, Carina Laguzzi, Esquire, respectfully brings this Motion to Suppress Physical Evidence and in support thereof avers the following:

1. The Defendant was initially arrested by Maryland State Police on June 2, 2010 after a traffic stop. Defendant was subsequently indicted and charged with Robbery of a postal employee in violation of 18 U.S.C. § 2114(a), 2 counts of Robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951, 3 counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and 2 counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2. Based on information received during their investigation, Maryland State Police decided on June 3rd to conduct a "further search" of the vehicle the Defendant was operating at the time of his arrest.

3.  The Defendant believes and, therefore avers, that said search was done in violation of the Defendant's legal rights including but not limited to the Defendant's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

4.  Sergeant Rick Bachtell of Maryland State Police then allegedly contacted the owner of the vehicle that the Defendant was operating when he was arrested for permission to search the vehicle.

5.  There was no corroboration to determine that the person that Sergeant Bachtell spoke to was in fact the actual owner of the vehicle. In addition, there was no determination as to what articles in the vehicle were the owner's.

6.  Vehicle inventory searches do not require probable cause, but it is important to remember that "inventory searches" cannot serve as a post-hoc justification—they must be conducted according to standard operating procedure to be a valid exception to the rule. As the Supreme Court held in Florida v. Wells, 495 U.S. 1, 4 (1990), an inventory search must be conducted pursuant to "standardized criteria" or an "established routine." It "must not be a ruse for a general rummaging in order to discover incriminating evidence." *Id.; see also* Colorado v. Bertine, 479 U.S. 367, 371-72 (1987).

7.  Under Supreme Court precedent, the exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, Weeks v. United States, 232 U.S. 383 (1914), but also evidence later discovered and found

to be derivative of an illegality or "fruit of the poisonous tree." <u>Nardone v. United States</u>, 308 U.S. 338, 341 (1939). It "extends as well to the indirect as the direct products" of unconstitutional conduct. <u>Wong Sun v. United States</u>, 371 U.S. 471, 484 (1963). Thus, if the Motion to Suppress the Defendant's Initial Statement to Maryland Police is granted by this Honorable Court, the physical evidence is likewise suppressible as above-referenced "fruit." <u>Id</u>.

WHEREFORE, Petitioner through his counsel, respectfully requests that this Honorable Court to grant the Motion to Suppress the Physical Evidence recovered from the vehicle the Defendant was operating and have it precluded from trial on the basis of violation of the Defendant's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

Respectfully Submitted,

<u>SIGNATURE CODE: 1170</u>
CARINA LAGUZZI, ESQUIRE
Attorney for Petitioner/Defendant

DATED: <u>10/12/2010</u>

## **CERTIFICATE OF SERVICE**

I, CARINA LAGUZZI, ESQUIRE, certify that I have forwarded electronically and via first class mail, a copy of the attached Motion to Suppress Physical Evidence upon:

| | |
|---|---|
| Joel Goldstein, AUSA | The Honorable Petrece Tucker |
| 615 Chestnut Street | Room 9613 U.S. Courthouse |
| Suite 1250 | 601 Market Street |
| Philadelphia, PA 19106 | Philadelphia, PA 19106 |

SIGNATURE CODE: 1170\_\_\_\_
CARINA LAGUZZI, ESQUIRE
Attorney for Defendant

DATED: 10/12/2010