# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | |
| v. : | **CRIMINAL ACTION NO. 10-CR-420-1** |
| : | **CIVIL ACTION NO. 12-cv-5548** |
| **MARCUS WHITE** : | |

## MEMORANDUM

**TUCKER, J.**                                                                                                                     **JANUARY 5, 2021**

        On July 14, 2011, following a jury trial, *pro se* Movant Marcus White was found guilty of conspiracy, conspiracy to commit robbery which interferes with interstate commerce, robbery of a postal employee, Hobbs Act robbery (two counts), carrying and using a firearm during and in relation to a crime of violence (three counts), and possession of a firearm by a convicted felon (two counts). (ECF No. 96.) On November 1, 2011, this Court sentenced White to 804 months of imprisonment, five years of supervised release, a $1000 assessment, and $95,816.66 in restitution. (ECF No. 112.) White is currently serving his sentence at the U.S. Penitentiary at Hazleton. White, proceeding *pro se*, has filed a "Motion Pursuant to Fed. R. Civ. P. 60(b)." (*See* ECF No. 268.) White seeks to reopen his conviction in light of newly discovered evidence of prosecutorial misconduct. (*Id.* at 2.)[1] Because the Motion must be deemed to be an unauthorized second or successive petition pursuant to 28 U.S.C. § 2255 over which this Court lacks jurisdiction, the Motion will be dismissed.

## I.     BACKGROUND

        The facts giving rise to White's arrest and conviction are detailed in this Court's Memorandum Opinion denying White's first petition to vacate, set aside or correct sentence

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

pursuant to 28 U.S.C. § 2255. (ECF No. 176 at 2-4.) In that proceeding, White argued that his conviction was based on evidence obtained from an unlawful arrest, that the government violated his constitutional rights by knowingly offering perjured testimony at a suppression hearing, and that his counsel was ineffective for failing to investigate the License Plate Reader ("LPR") that led to White being stopped by the Maryland State Police, a stop that resulted in the recovery of the evidence upon which his conviction was based. (*Id.* at 5.) White contended that, at the time of his arrest, the LPR could only identify stolen cars from Maryland, whereas the car White was driving was stolen in Pennsylvania. Accordingly, Trooper Butler's testimony that his attention was drawn to White's car because of a signal from the LPR was perjured, the resulting stop and search illegal, and the resulting evidence inadmissible. (*Id.* at 5-6.) White had unsuccessfully raised these arguments at a suppression hearing prior to trial. (*Id.* at 4.)

Following briefing and an evidentiary hearing, this Court denied relief, finding that White failed to establish that Trooper Butler's testimony that his LPR detected that the vehicle White was driving was stolen was perjured. (*Id.* at 11.) The Court did not issue a certificate of appealability. (*Id.* at 12.) White's motion for reconsideration was denied, (ECF No. 194), as was his request for a certificate of appealability. (ECF No. 206.)[2] White subsequently filed

---

[2] The Third Circuit explained:

> The foregoing request for a certificate of appealability is denied. Because White sought to relitigate his § 2255 claims, the motions appealed were second or successive § 2255 motions. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). Even if his motions were considered 60(b) motions, White has not shown extraordinary circumstances justifying the reopening of the § 2255 proceedings. Gonzalez, 545 U.S. at 535. Jurists of reason would not debate the correctness of the District Court's denial of the motions. Slack v. McDaniel, 529 U.S. 473, 484 (2000). White is warned that filing repetitive, frivolous motions may result in sanctions and filing limitations.

2

numerous post-judgment motions, including several filed pursuant to 60(b), all of which were denied or dismissed. (ECF Nos. 207-209, 211, 213, 215, 219, 221, 226, 228, 230, 235-251, 254-259 & 265)  He also filed a second § 2255, which was transferred to the Third Circuit to be considered as a an application to file a second or successive petition and ultimately denied. (ECF Nos. 261, 263 & 266.)

Undeterred, White filed the present 60(b) Motion. (ECF No. 268.)  In that Motion, White asks the Court to vacate his conviction due to newly discovered evidence of prosecutorial misconduct. (*Id.* at 2.)  Specifically, he alleges that the prosecution suborned perjury from its material witness, Tyrone Edwards, who testified to White's involvement in the robbery. (*Id.* at 2-3.)

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable

---

(ECF No. 206.)

time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).  Rule 60(d)(3), upon which White bases his current Motion, provides, "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).

### B. Second or Successive § 2255 Motions

"[C]ivil Rule 60 simply does not apply in criminal proceedings."  *United States v. Lebron*, 598 F. App'x 817, 817-18 (3d Cir. 2015) (per curiam) (citing *United States v. Washington*, 549 F.3d 905, 912 & n.6 (3d Cir. 2008)); *see also United States v. Mullen*, 125 F. App'x 168 (9th Cir. 2005) ("Rule 60 is an improper vehicle to challenge a criminal conviction."). Accordingly, in this context, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive § 2255 motion.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), mandates that before a federal prisoner may file a second or successive § 2255 motion, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b) & § 2255(h); *See In re Hoffner*, 870 F.3d 301, 307 (3d Cir. 2017); *In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (per curiam) (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).  A § 2255 movant cannot avoid AEDPA's second or successive gatekeeping mechanism by raising claims attacking his underlying conviction or sentence in a filing that he designates as a Rule 60(b) motion.  *See generally Pridgen v. Shannon*, 380 F.3d 721, 726-27 (3d Cir. 2004); *see also United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a prisoner seeking habeas relief. It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

Although *Gonzalez* concerned a 60(b) motion filed in a proceeding brought under § 2254, its principles apply equally to 60(b) motions filed in the § 2255 context. *See, e.g.*, *United States v. Mote*, No. 18-2513, 2018 WL 6984450, at *1 (3d Cir. Nov. 6, 2018) ("Because Appellant sought to attack his underlying conviction, his Rule 60(b) motion was properly viewed as an

5

unauthorized second or successive 28 U.S.C. § 2255 motion."); *United States v. Rickard*, 601 F. App'x 75, 77 (3d Cir. 2015) (per curiam) ("Because she does not attack the manner of a prior proceeding but rather the underlying sentence, success on her claim would result in her sentence being vacated. Such a claim must be brought in a § 2255 proceeding."); *United States v. Lizardo*, 309 F. App'x 564, 565 (3d Cir. 2009) (concluding that 60(b) motion constituted a second or successive habeas petition and citing *Gonzalez*).

### III. DISCUSSION

Because a federal court does not possess jurisdiction to review an unauthorized second or successive § 2255 motion cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether White's Motion is, in reality, a successive § 2255 motion. The answer to this question is clear. White alleges that his conviction is invalid because new evidence shows that it is based on perjured testimony. Therefore, the Motion must be construed as an unauthorized second or successive § 2255 motion because White is challenging the constitutionality of his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another § 2255 motion to attack that judgment of sentence, this Court lacks jurisdiction to consider his claims.

An appropriate Order dismissing the White's Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

                                                **BY THE COURT:**

                                                **/s/Petrese B. Tucker**

                                                _____

                                                **PETRESE B. TUCKER, J.**