**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARCUS WHITE | : | No. 10-420-01 |
| | : | |

**MEMORANDUM**

PRATTER, J.                                                            JANUARY _10_ , 2023

Marcus White has filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking relief based on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). This is Mr. White's second § 2255 motion. However, he did not obtain permission from the Court of Appeals prior to filing this successive motion. Therefore, the Court will deny Mr. White's § 2255 motion.

### BACKGROUND

Mr. White is currently serving a sentence of 804 months' imprisonment based on his conviction on all ten counts in the indictment relating to his armed robbery of a post office on May 27, 2010, his attempted robbery of a convenience store on June 1, 2010, and his robbery of a different convenience store on June 1, 2010, during which he shot a 74-year-old clerk twice in the leg. Relevant to Mr. White's present § 2255 motion are the three counts of conviction under Section 924(c): Count Three (predicated on robbery of a postal worker, in violation of 18 U.S.C. § 2114), Count Six (predicated on attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)), and Count Eight (predicated on completed Hobbs Act robbery).

1

## DISCUSSION

In order for a district court to hear a second or successive § 2255 motion, the motion must be certified by a panel of the relevant court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a court of appeals panel has not authorized a second or successive § 2255 motion, district courts have no jurisdiction. 28 U.S.C. § 2255(h); *see also United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009).

Mr. White filed his initial § 2255 motion on April 9, 2013. Because Mr. White's present motion is a second or successive § 2255 motion, he must first obtain permission from the Third Circuit Court of Appeals to file it. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Because Mr. White failed to obtain permission from the Third Circuit Court of Appeals prior to filing his present motion, this Court lacks jurisdiction. 28 U.S.C. § 2255(h). The Court therefore will deny Mr. White's motion.

CONCLUSION

Because Mr. White's motion is a second or successive § 2255 motion filed without permission of the Third Circuit Court of Appeals, the Court must deny Mr. White's motion.[1] An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1]  The Court will also decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). "[W]hen a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim . . . a [certificate of appealability] may issue only if the petitioner shows that: (1) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Rambert v. Zaken*, No. 22-cv-3509, 2022 WL 17155766, at * 4 n. 5 (E.D. Pa. Nov. 22, 2022) (quoting *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011)). Here, reasonable jurists would agree that the Court properly dismissed Mr. White's § 2255 motion as a second or successive motion that was filed without authorization from the Third Circuit Court of Appeals.