IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| MARCUS WHITE | NO. 10-420-1 |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 2255, Marcus White seeks to vacate his conviction under 18 U.S.C. § 924(c) for attempted Hobbs Act robbery. The Government agrees, as does the Court that given the Supreme Court's decision in *United States of America v. Taylor*, 142 S.Ct. 2015 (2022), his conviction on that count must be vacated. And, so it shall be. The dispute here is whether the Court should afford White a plenary resentencing—as he argues it should—or whether, as the Government submits, it should vacate his sentence on the attempted Hobbs Act robbery count but otherwise leave the judgment intact.

In May and June of 2010, Marcus White, armed with a gun and accompanied by two co-defendants, robbed a United States Post Office and a Turkey Hill convenience store and attempted to rob a second Turkey Hill location. He was charged with, and convicted of: (1) conspiracy, 18 U.S.C. § 371; (2) robbery of a mail carrier, *id.* § 2114; (3) conspiracy to commit Hobbs Act robbery, *id.* § 1951; (4) attempted Hobbs Act robbery, *id.*; and, (5) Hobbs Act robbery, *id.* Because he was carrying a firearm during those robberies, White was further convicted on three counts—one for each robbery conviction—of violating 18 U.S.C. § 924(c), which provides a mandatory minimum prison sentence for using or carrying a gun in furtherance of a "crime of violence." Finally, because White previously had been convicted of a felony at the time of the robberies, he also was convicted on two counts of violating 18 U.S.C.

§ 922(g)(1), the federal ban on the possession of firearms by a felon.

Judge Petrese Tucker, who was then presiding over the matter, calculated the sentence range for his robbery and gun-possession offenses as 188 to 235 months. The version of Section 924(c) in effect at the time of White's sentencing hearing required adding a mandatory 684 months to the range which 684 months were to be served consecutively. With an effective range of 872 to 919 months, Judge Tucker sentenced White to 804 months—sixty-seven years—in prison. This sentence was below the range called for in the Sentencing Guidelines but more than the mandatory-minimum sentence for which White advocated.

Now that White's conviction for attempted Hobbs Act robbery under Section 924(c) is no longer viable given *Taylor*, the parties disagree as to what should be done next. White argues that the sentencing package doctrine requires a full resentencing, while the Government maintains that removing 300 of the 684 months—twenty-five years—which are associated with the Section 924(c) attempted Hobbs Act robbery conviction suffices.

Where, as here, "a Court finds that vacatur is warranted, it has several remedial options under § 2255. If the court finds that a § 2255 petition warrants relief, '[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *United States v. Ortiz*, 2022 WL 17325956, at *5 (E.D. Pa. Nov. 29, 2022) (quoting 28 U.S.C. § 2255(b)) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). The parties disagree on whether "resentenc[ing]" White or simply "correct[ing]" his sentence is proper in this case. *Id.*

Which remedy is appropriate implicates the sentencing package doctrine, which "makes formal a 'common sense' proposition: When one or more interdependent counts of a multicount conviction are vacated, the judge should take a fresh look at what remains at resentencing."

2

*United States v. Grant*, 9 F.4th 186, 213 (3d Cir. 2021) (en banc) (Ambro, J., concurring in part and dissenting in part). Under the sentencing package doctrine:

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997) (quoting *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989)). Although "usually applied on direct appeal," the doctrine applies to collateral attacks on a sentence as well. *Id.*

The Third Circuit has identified multiple "indicia of interdependence" between counts to determine whether de novo resentencing is appropriate. *United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011). These include: (1) whether all of the counts were grouped under the Sentencing Guidelines, *United States v. Miller*, 594 F.3d 172, 181-82 (3d Cir. 2010); (2) whether the vacated count affected the total offense level, *United States v. Ciavarella*, 716 F.3d 705, 734-35 (3d Cir. 2013); and, (3) whether the sentences were set to run consecutively, as opposed to concurrently, *see United States v. Junius*, 86 F.4th 1027, 1028 n.1 (3d Cir. 2023) (citations omitted). These indicia tell a court whether the counts "'result[ed] in an aggregate sentence' as opposed to 'sentences which may be treated discretely.'" *United States v. Norwood*, 49 F.4th 189, 203 (3d Cir. 2022) (quoting *United States v. Murray*, 144 F.3d 270, 273 n.4 (3d Cir. 1998)). Conversely, where "the vacated count did not affect [the petitioner's] total offense level, Guideline range, or sentence, . . . resentencing *de novo* is not required." *Ciavarella*, 716 F.3d at 735 (citing *Davis*, 112 F.3d at 121-23).

White argues that the vacated Section 924(c) conviction is interdependent not only with

3

the related conviction for attempted Hobbs Act robbery, but also with each of his remaining crimes of conviction because: (1) "vacating [the Section 924(c) conviction] alters the offense level and Guidelines range;" (2) the Section 924(c) conviction runs consecutive to the other convictions; and, (3) the sentencing court imposed a below-guidelines sentence "on the non-924(c) counts in order to achieve a particular package sentence."

Some, but not all, of these arguments are persuasive. On the one hand, White's Presentence Report indicates that the twenty-five-year mandatory minimum prison sentence for this Section 924(c) conviction was to run consecutively to any other term of years imposed. This points in favor of treating the vacated count as interdependent with the rest of White's sentence. *Junius*, 86 F.4th at 1028 n.1. On the other hand, because of how his convictions were grouped, vacatur of the Section 924(c) conviction does not appear to affect the Sentencing Guidelines range that was used. White's Presentence Report split his convictions into three groups, two of which stand unaffected by the vacatur of one of his Section 924(c) convictions. The group to which the vacated Section 924(c) conviction belonged had an adjusted offense level of twenty-two. But the adjusted subtotal offense level for another group of convictions, which are not at issue here, was thirty, and as the greater adjusted offense level, that group provided the total offense level for White's sentence.[1] In such circumstances, the Section 924(c) conviction did not supply the Sentencing Guidelines range, which counsels against treating it as part of a sentencing package. *See Ciavarella*, 716 F.3d at 734-35. Much of the persuasive authority that the Government cites is consistent with this principle but is ultimately distinguishable. In many of

---

[1] Because White was convicted of violating Section 924(c), a five-level enhancement was not added to the base offense level for this attempted Hobbs Act robbery conviction that would have otherwise been added for brandishing or possessing a firearm as part of the offense. Absent the Section 924(c) conviction, the adjusted offense level for that group, which was twenty-two, would have been twenty-seven. In either case, however, another group would have provided the total offense level.

the cases in the Government's brief, the defendant had received a sentence of life imprisonment on unrelated counts, so plenary resentencing "w[ould] not affect the practical bottom line of [the] life sentence" and was not necessary. *United States v. Sosa*, 2022 WL 16722335, at *4 (E.D. Pa. Nov. 4, 2022); *accord Ortiz*, 2022 WL 17325956, at *6; *Clark v. United States*, 2021 WL 3561246, at *7 (D.N.J. Aug. 12, 2021), *aff'd*, 76 F.4th 206 (3d Cir. 2023); *Duka v. United States*, 2020 WL 4530035, at *10-11 (D.N.J. Aug. 6, 2020), *aff'd*, 27 F.4th 189 (3d Cir. 2022).

A review of the transcript of White's sentencing tips the balance in that it suggests that the sentence for his Section 924(c) conviction formed part of a package with his other crimes of conviction. At sentencing, White argued that, considering his difficult upbringing, the mandatory minimum sentence to which he was subject of 57 years' incarceration was appropriate. The Government disagreed, arguing that issuing such a sentence would be tantamount to "a pass" on White's other crimes of conviction. Judge Tucker viewed the case similarly, noting that "there is at least 57 years that [White] must be sentenced to based upon the weapons involved," so "the issue really is whether or not there is any basis for the Court to downward depart or have a variance on the guidelines." In granting a downward variance, Judge Tucker noted that she did not "think it [would] make any difference in the amount of time that you receive because as I have stated, you have 57 years that are mandatory." Given the sentencing court's statement, it is apparent that the mandatory minimum (and consecutive) sentences to which White was subject "form[ed] part of an overall plan" that affected the overall sentence imposed. *Davis*, 112 F.3d at 122. Thus, "in order to ensure that the punishment still fits both crime and criminal," plenary resentencing is proper here. *Id.*

5

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**