**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL NUMBER 10-420** |
| | : | |
| **MARCUS WHITE** | : | |

**SUPPLEMENTAL MEMORANDUM REGARDING RESENTENCING**

Marcus White, by and through undersigned counsel, respectfully submits this supplemental memorandum to assist the Court in resentencing him upon vacatur of his conviction for violation of 18 U.S.C. § 924(c) at Count Six of the indictment and the judgment of sentence imposed on October 27, 2011. Mr. White incorporates by reference the resentencing memorandum and attendant exhibits filed at ECF No. 376.[1]

## I. Factual and Procedural History

In July 2011, Mr. White was convicted of one count of conspiracy (Count 1), in violation of 18 U.S.C. § 371; one count of robbery of a postal employee (Count 2), in violation of 18 U.S.C. § 2114(a); one count of conspiracy to commit robbery which interferes with interstate commerce (Count 4), in violation of 18 U.S.C. § 1951(a); one count of attempted robbery which interferes with interstate commerce (Count 5) and one count of robbery which interferes with interstate commerce (Count 7), in violation of 18 U.S.C. § 1951(a)(b)(1) and (b)(3); and three counts of using and carrying a firearm during or in relation to a crime of violence (Counts 3, 6, and 8), in violation of 18 U.S.C. § 924(c); and two counts of possession of a firearm by a

[1] Mr. White also incorporates by reference the mitigation arguments presented in his first sentencing memorandum, and at the original October 27, 2011, sentencing hearing.

convicted felon (Counts 9 and 10), in violation of 18 U.S.C. § 922(g)(1) . The predicate "crime of violence" for the § 924(c) conviction on Count 6 was attempted Hobbs Act robbery, and the predicate for the convictions on Counts 3 and 8 was completed Hobbs Act robbery.

On October 27, 2011, the Court sentenced Mr. White to an aggregate term of 804 months' imprisonment. This 67-year sentence included the then mandatory consecutive terms of 300 months' imprisonment on each of Counts 6 and 8 and 84 months on Count 3.

On June 26, 2015, in *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA")'s definition of a violent felony is unconstitutionally vague. On June 24, 2019, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague and invalid under the *Johnson* rule. *United States v. Davis*, 139 S. Ct. 2319 (2019). And so, on June 21, 2022, in *United States v. Taylor*, 142 S. Ct. 2015 (2022), the Supreme Court held that attempted Hobbs Act robbery does not qualify as a § 924(c) predicate because it does not categorically require the government to prove the use, attempted use, or threatened use of force.

After *Taylor*, one of Mr. White's three convictions under 18 U.S.C. § 924(c) – Count 6 – is unconstitutional. The parties agreed that his current sentence and the unconstitutional § 924(c) conviction should be vacated, and that he should be resentenced on the remaining counts of conviction. The government, however, argued that this Court should not hold a plenary resentencing hearing and should instead adjust the sentence by subtracting 300 months it believed were attributable to Count 6 and restructuring the remaining 504 months around the surviving counts. ECF 337 at 9.

This Court rejected that approach, determining that the Sentencing Package Doctrine applied to this case, and that vacatur of the unconstitutional § 924(c) conviction at Count 6

disrupted the "overall plan" of the "overall sentence imposed." ECF No. 357 at 5. As such, this Court vacated the conviction and ordered a plenary resentencing hearing to occur. ECF No. 357 at 5; ECF No. 358.

At a hearing on December 17, 2024, the Court delayed resentencing in this matter pending decisions of the United States Supreme Court on application of Section 403 of the First Step Act (FSA) to the mandatory minimum penalty applicable to a successive violation of § 924(c) at resentencing. In *Hewitt v. United States*, No. 23-1002 (U.S.) and *Duffey v. United States*, No. 23-1150 (U.S.) the Supreme Court granted certiorari to resolve whether the FSA's modified 18 U.S.C. § 924(c) mandatory minimum penalties apply in cases where an original pre-FSA sentence is vacated and resentencing occurs post-FSA enactment, exactly the scenario presented in Mr. White's case.

On June 26, 2025, the Supreme Court issued a consolidated opinion in these cases, holding that under § 403 of the FSA, the FSA's more lenient mandatory minimum penalties apply at resentencing to defendants whose previous § 924(c) convictions have been vacated. *Hewitt v. United States,* 606 U.S. 419, 440 (2025). Mr. White, like the appellants in *Hewitt* and *Duffey,* is a § 924(c) offender whose previous sentence was vacated and who now needs to be resentenced. As such, the current law under the FSA applies to him on resentencing.

## II. Plenary Resentencing

After considering the parties' briefing, this Court rejected the arguments the government continues to press and determined that the Sentencing Package Doctrine applies in this case. Specifically, the Court explained that because the counts of conviction are interdependent, the sentences attributable to each count may not be treated discretely – they form an aggregate sentence. ECF No. 357 at 3-5. The Court ordered plenary resentencing on the surviving counts

of conviction, selecting this procedural option in lieu of partial resentencing or sentence modification on the papers. ECF No. 358; *United States v. Augustin*, 16 F.4th 227 (6th Cir. 2021) (holding that where a district court vacates a § 924(c) conviction it has "broad discretion" to choose to either vacate the entire sentence and conduct a full resentencing hearing, or simply vacate the § 924(c) conviction and consecutive term and leave the remainder of the original sentence intact.) The effect of vacating the conviction at Count 6 and ordering plenary resentencing was to nullify the entire original sentence in order to impose a new sentence that comports with the law.

The Court's plenary resentencing order accords with *Hewitt* and the background principles regarding the legal effect of vacatur. *Hewitt*, 606 U.S. at 433 (confirming that, at resentencing, a district court correctly concludes that if an offender's past sentence has been vacated, a sentence has not been imposed, and that the court imposes a new sentence on the day of resentencing.). As such, Mr. White comes before the Court as if he has never been sentenced. *E.g., United States v. Mitchell*, 38 F.4th 382, 388 (3d Cir. 2022) (stating when an unconstitutional sentence has been vacated, "there is no sentence until the district court imposes a new one.")[2]

### III. *United States v. Hewitt*: the First Step Act applies on resentencing.

Before the FSA was enacted, sentencing courts were required to impose "stacked" mandatory 25-year sentences on defendants convicted of multiple counts of § 924(c) within a single indictment. The FSA is a remedial statute that corrected this unduly harsh sentencing schema and modified the § 924(c) mandatory minimum penalties. Section 403(b) made the

[2] Plenary resentencing is distinct from scenarios like the one presented in *United States v. Hodge (Hodge II)*, 948 F.3d 160 (3d Cir. 2020), in which the district court was presiding over an expressly limited remand and is required to modify a sentence and holds no hearing.

amended penalties partially retroactive to all defendants sentenced after enactment. This includes defendants resentenced after vacatur.

In *Mitchell*, the Court of Appeals held that the FSA applies on plenary resentencing. The *Mitchell* Court emphasized the FSA's ameliorative purpose and determined that when a defendant is resentenced after enactment, its terms apply.

The Third Circuit's pro-petitioner holding in *Mitchell* is now the law of the land. In *Hewitt*, the Supreme Court definitively held that on resentencing, surviving § 924(c) counts are subject to the FSA mandatory minimum penalties. The *Hewitt* Court's reasoning was threefold:

First, the plain language of § 403 employs the present-perfect tense, applying the FSA where a sentence "has not been imposed," as opposed to the past-perfect tense, which would exclude defendants upon whom a sentence "had been imposed." This grammatical decision demonstrates that the dispositive question is whether the original sentence continues to be valid, and thus, "that § 403(b) covers only past sentences with continued legal validity, not those that have been vacated." Similarly, background principles regarding the legal effect of vacatur confirm this: "vacated court orders are *void ab initio* and thus lack any legal effect," which means a criminal defendant whose judgment of conviction has been vacated is to be treated going forward as though he were never convicted. *Hewitt v. United States*, 606 U.S. at 431. As in *Hewitt*, this Court vacated Mr. White's pre-FSA original sentence and ordered plenary resentencing on the surviving counts to occur post-FSA enactment.

Second, the context and legislative history of the FSA establish its intent to "execute a clean break from the controversial and heavily contested stacking practice." *Id*. at 433. The *Hewitt* Court observed that § 403's partial retroactivity – applying the more lenient FSA mandatory minimum penalties to all first-time § 924(c) offenders moving forward – avoids the

administrative burdens of full retroactivity "while still advancing Congress's aim of changing how first-time § 924(c) defendants are sentenced." *Id*. at 439 ("Neither amicus nor the dissent can explain why Congress would have wanted sentencing judges, who are presently working to dole out proportionate plenary sentences under the new regime, to have to return to the draconian, pre-Act scheme for offenders who just happen to be facing resentencing, as opposed to first sentencing.") Here, as in *Hewitt*, Mr. White is a first-time § 924(c) offender under the FSA whose multiple stacked § 924(c) counts were originally subjected to the old, "much maligned" sentencing regime, and whose sentence is returned to the sentencing discretion of the district court because the original sentence is now independently invalid due to vacatur. *Id*.

Third, the *Hewitt* Court held that this approach is "plainly more administrable" than the one rejected by the Supreme Court and advanced by the Government. Rather than requiring district courts to determine whether an original sentence predates the FSA and apply the now-defunct sentencing regime, the present rule is more straightforward: "from the Act's enactment date onward, sentencing judges impose the First Step Act's lessened mandatory minimums for any first-time § 924(c) offender—full stop." *Hewitt v. United States*, 606 U.S. at 440. The *Hewitt* Court stated that this rule allows district court judges to treat all first-time § 924(c) defendants, including those "whose previous § 924(c) sentences have been vacated and who thus need to be resentenced," equitably and consistent with Congress's sentencing directives.

Hewitt addressed and resolved exactly the scenario presented here: the vacatur and choice of remedy order in Mr. White's case is the same as in *Hewitt* – some but not all § 924(c) counts were vacated pursuant to § 2255, the original unconstitutional sentence was determined to be a package penalty for all of the counts of conviction, and the case was ordered set for plenary

resentencing.[3] At resentencing, Hewitt remained convicted of five § 924(c) counts, subject to 105 years' imprisonment originally, and only 25 years under the FSA. Mr. White remains convicted of two § 924(c) counts, subject to 37 years' imprisonment originally, and only 17 years under the FSA. The Supreme Court concluded that in these circumstances, the Fifth Circuit erroneously applied the pre-FSA mandatory minimum penalties

And, the government makes precisely the argument the Supreme Court rejected in Hewitt: that Congress intended for § 403 of the FSA not to apply to unvacated § 924(c) counts imposed prior to enactment on resentencing. ECF No. 369 at 7-8. In *Hewitt*, the Supreme Court unequivocally rejected that characterization of congressional intent, instead holding that the plain language of the statute, background principles regarding the legal effect of vacatur, the remedial purpose of the FSA, and administrability considerations all indicate that Congress did intend for the FSA to apply to surviving § 924(c) counts at resentencing. *Hewitt*, 606 U.S. at 433-40.

The government urges an impractical and novel approach to sentencing – it seeks to apply the current law to some counts of conviction, including assent to vacatur of Count 6, and to reach back in time and apply anachronistic law and ignore remedial statutes now in effect as to other counts of conviction. Instead, this Court is bound by current law, including the FSA, in imposing sentence.

Under the now-applicable 18 U.S.C. § 924(c) mandatory minimum penalties, Mr. White faces a total mandatory term of 204 months, arising from his conviction at Count 3 (84 months) and his conviction at Count 8 (120 months). Mr. White has been in continuous custody for the last

---

[3] The circumstances of Mr. White's resentencing objections are also identical to the defendants in *Hewitt* and *Duffey*, who objected to the Supplemental PSR's application of pre-FSA mandatory minimum penalties to surviving § 924(c) counts at resentencing following vacatur of unconstitutional § 924(c) convictions under § 2255.

179 months, with the last 95 months in federal custody. This Court has broad discretion to impose a sentence that is sufficient but not greater than necessary consistent with this minimum term.

**IV. Sentence Recommendation: a downward variance is warranted.**

Mr. White reiterates the arguments detailed in his resentencing memorandum at ECF No. 376 as well as his recommendation that the court vary downward from the applicable Guidelines range.

At the time of the original sentencing, the Court sentenced Mr. White to an aggregate term of 804 months' imprisonment. To date, Mr. White has served approximately 179 months in custody. He served approximately 72 months in state custody (which had primary jurisdiction) and was then transferred back to federal custody. At resentencing, this Court must impose at least a period of 204 months' incarceration for the consecutive mandatory minimums on Count 3 (84 months) and Count 8 (120 months). The advisory Guidelines range on the non-§ 924(c) counts is 188-235 months. As such, the applicable sentencing range is now 392 to 439 months' imprisonment.

To better explain Mr. White's sentence recommendation, he again offers the below chart to illustrate the relationship between the parties' recommendations and the time he has already served, the time-credit analysis, and the applicable Guidelines range.

**The Resentencing Impact of Variant Sentences on the Term of Imprisonment**

| Sentence to be Imposed on Resentencing | Variance | Time to Release[4] |
|---|---|---|
| **204 months + 1 day**<br>(mandatory minimum on Counts 3 and 8 + 1 day on non- § 924(c) counts) | 188 months | 10 years |
| 204 months + 188 months – 6 years = **320 months**<br>(mandatory minimum on Counts 3 and 8 + low end of guidelines on non- § 924(c) counts – state sentence served) | 116 months | 13 years |
| 204 months + 188 months = **392 months**<br>(mandatory minimum + low end of guidelines range) | 0 months | 25 years |
| **476 to 523 months**<br>(Government's Recommendation) | upward variance | 32 – 36 years |

Additionally, Mr. White informs that since he last came before the Court on December 17, 2024, he has continued to demonstrate significant post-sentencing rehabilitation. Since then, he has incurred no disciplinary infractions and has remained in good standing with the Bureau of Prisons. Because he has been detained at the FDC in Philadelphia, rather than his designated institution, he has been prevented from completing further coursework or maintaining employment during this period. Instead, he spends his time in the law library seeking to understand the caselaw that will dictate his future, and corresponding with his family. Mr. White's wife, Regina Oliver, comes to visit him every week and they speak on the telephone at least every two days. Mr. White has been fully embraced by Ms. Oliver's family, including her adult children who know him as "Pop" and eagerly await his eventual release. He also continues to maintain close contact with his sister, Tammy, and his brother, Barry. These reciprocal family

[4] These numbers are estimates and do not accurately account for earned good time credit.

relations form the nucleus of the supportive community that will receive Mr. White and encourage his successful reentry.

For all the above-stated reasons, this Court should sentence Mr. White below the applicable Guidelines range on the remaining counts of conviction under current law. Mr. White also incorporates by reference the mitigation arguments presented in his first sentencing memorandum, and at the original October 27, 2011, sentencing hearing. The defense respectfully requests that this Court grant Mr. White's request for a downward variance, a sentence sufficient but not greater than necessary to satisfy all the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ *Samantha Drake*
SAMANTHA DRAKE
Assistant Federal Defender

**CERTIFICATE OF SERVICE**

I, Samantha Drake, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Supplemental Memorandum Regarding Resentencing upon Robert Zauzmer, Assistant United States Attorney, Chief of Appeals, by Electronic Case Filing to his office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/ *Samantha Drake*
SAMANTHA DRAKE
Assistant Federal Defender

Dated: September 25, 2026